THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SEAN NEWBOLD,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.; JON KESSLER, in his official and individual capacity; LAURIE LEHMAN, in her official and individual capacity; and PHILLIP TAYLOR, in his official and individual capacity,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE<br><br>Case No. 2:22-cv-00412-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

　　　　This matter is before the Court on a Motion to Dismiss filed by Defendants HealthEquity, Inc. ("HQY"), Jon Kessler, Laurie Lehman, and Phillip Taylor (collectively, "Defendants"). For the reasons discussed below, the Court will dismiss this matter without prejudice.

　　　　　　　　　　I.　　BACKGROUND[1]

　　　　Plaintiff Sean Newbold filed his Amended Complaint on June 23, 2022,[2] alleging that Defendants violated his rights under the Family Medical Leave Act of 1993 ("FMLA").[3] HQY employed Newbold as a Data Operations Analyst from June 2016 to July 2021.[4] In March or April 2020, Newbold informed Laurie Lehman, Vice President of Data Integration Services at HQY, and Phillip Taylor, Senior Director of Data Integration Services at HQY, that he "would be

---

[1] Unless otherwise noted, the facts in this Order are taken from Plaintiff's Complaint and are presumed true for the purposes of this Order.

[2] Docket No. 5.

[3] *Id.* ¶ 1; 29 U.S.C. §§ 2601–54.

[4] Docket No. 5 ¶ 97.

taking two weeks of paid paternity leave as well as ten additional weeks of FMLA after his son was born in late April or early May."[5] Shortly after informing Lehman and Taylor of his plans for paternity leave, he applied for an Integration Engineer I position within HQY, which posted on April 20, 2020.[6] Newbold began his paternity leave on April 23, 2020, when his son was born.[7] He learned on May 20, 2020, that HQY filled the Integration Engineer I position without offering him an interview.[8]

In July 2021, Newbold was anticipating the birth of another child.[9] On July 12, 2021, he applied for a Data Solutions Engineer I position.[10] Before taking paternity leave on July 30, 2021, Newbold learned he had not received an interview for the position.[11] In October 2021, he applied for a similar position on a team outside of Lehman's and Taylor's immediate control.[12] The hiring manager for that position told Newbold that, after speaking with Newbold's manager, he was no longer being considered for the position.[13] Newbold alleges that "Lehman and Taylor blocked him from getting the Data Engineer position as retaliation for him taking FMLA [leave]."[14]

---

[5] *Id.* ¶¶ 4, 15.
[6] *Id.* ¶ 16–18.
[7] *Id.* ¶ 19.
[8] *Id.* ¶ 20.
[9] *Id.* ¶ 69.
[10] *Id.* ¶ 70.
[11] *Id.* ¶ 72.
[12] *Id.* ¶ 73.
[13] *Id.* ¶ 74.
[14] *Id.* ¶ 76.

On August 22, 2022, Defendants filed this Motion to Dismiss[15] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed his response on September 19, 2022, requesting the Court "dismiss this suit without prejudice, so that Newbold and [two] of his former colleagues can refile together."[16] Defendants filed their reply on October 3, 2022, opposing Plaintiff's request for voluntary dismissal.[17] They argue that Plaintiff's request for voluntary dismissal is an inappropriate attempt to forum shop between courts and ask the Court to deny dismissal.[18] Defendants ask the Court to consider their Motion to Dismiss on the merits.[19] In the alternative, they request an award of the attorney's fees they have incurred in responding to Plaintiff's Amended Complaint.[20]

## II.   DISCUSSION

### A. VOLUNTARY DISMISSAL

The Court first considers Plaintiff's request for voluntary dismissal, which implicitly invokes Federal Rule of Civil Procedure 41(a)(2).[21] Under this rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[22] Unless otherwise stated, a dismissal under this rule is without prejudice.[23] "When considering a motion

---

[15] Docket No. 13.

[16] Docket No. 14, at 2.

[17] Docket No. 15, at 2.

[18] *Id.* at 2–3.

[19] *Id.* at 11.

[20] *Id.*

[21] Rule 41(a)(2) governs when a voluntary dismissal is requested after "service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal." *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N. M.*, 311 F.3d 1031, 1047 (10th Cir. 2002).

[22] Fed. R. Civ. P. 41(a)(2).

[23] *Id.*

to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'"[24] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[25]

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[26]

"The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion."[27]

Considering these factors, the Court finds that dismissal without prejudice is proper. First, the Court notes that this case is still in its beginning stages and the parties have likely expended minimal effort and expense preparing for trial. The parties have not yet submitted a proposed schedule for guiding this case to trial and, while Defendants have expended time and effort in preliminary litigation, the prospect of a trial in this case remains distant.

Second, the Court finds that there has been little delay or lack of diligence on Plaintiff's part. Plaintiff waited until Defendants filed their Motion to Dismiss before requesting voluntary

---

[24] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

[25] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[26] *Id.* (citation omitted).

[27] *Id.* (citation omitted).

dismissal, but this does not constitute an unreasonable delay or lack of diligence. Additionally, there is no trial set in this case and the case itself has been pending since only June 2022.

Third, the Court finds that Plaintiff has provided sufficient explanation regarding his need for dismissal. Newbold claims two of his former coworkers plan to join him in suit against Defendants after the EEOC considers their filed charges, and he wishes to bring the new suit in Chicago, Illinois.[28] Defendants raise valid concerns about the motives for Plaintiff's request, considering the two new potential Plaintiffs also reside in Utah and Newbold contemplates no new Defendants.[29] Defendants claim that dismissal would permit the Plaintiff to improperly forum shop, noting that Plaintiff has referenced favorable Seventh Circuit caselaw in email exchanges with Defendant.[30] However, that a plaintiff seeks to gain a tactical advantage in moving to voluntarily dismiss is not enough for denial of a Rule 41(a)(2).[31] The Tenth Circuit has been clear that "'forum shopping' is generally an improper basis for imposing conditions on a voluntary dismissal."[32] Further, this Court's interest in judicial economy is better served by allowing Plaintiff and his coworkers to together file suit in an appropriate forum of their choosing, instead of requiring them to pursue two suits in separate venues. Thus, the explanation Plaintiff provides, though potentially to his tactical advantage, is sufficient for dismissal.

---

[28] Docket No. 14, at 2.

[29] Docket No. 15, at 2–3.

[30] *Id.*; Docket 14-1, at 1.

[31] *Am. Nat'l Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *see also Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, No. 2:13-cv-204-DN, 2015 WL 1467352, at *2 (D. Utah Mar. 30, 2015) (citing *Nunez v. IBP, Inc.*, 163 F.R.D. 356, 359 (D. Kan. 1995)); *The SCO Grp., Inc. v. Novell, Inc.*, No. 2:04-cv-139-DAK, 2007 WL 2684537, at *7 (D. Utah Sept. 7, 2007) (finding no "improper tactical motives" in a party seeking voluntary dismissal on a single claim to avoid a jury trial).

[32] *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 1000 (10th Cir. 2021).

Finally, as noted, Plaintiff's request comes relatively early in these proceedings. Plaintiff filed the case in June 2022 and requested dismissal in his response to Defendants' Motion to Dismiss. While the Court acknowledges that Defendants have incurred some expense litigating this action, this case is relatively new and Defendants have not otherwise spent effort and expense preparing for trial.

Thus, the factors weigh heavily in favor of granting Plaintiff's voluntary dismissal from the present suit. Having considered the equities facing both parties, the Court concludes dismissal without prejudice would not result in legal prejudice to Defendants. Therefore, the Court need not reach a determination on Defendants' Motion to Dismiss.

B. ATTORNEY'S FEES

Defendants express concern that it would be unfair to dismiss this matter without prejudice only to allow Plaintiff an opportunity to file this suit again in a different forum. Thus, in the alternative, Defendants request reimbursement of the attorney's fees they have incurred responding to Plaintiff's Amended Complaint in the present case. The Tenth Circuit has held that courts may award attorney's fees as a condition of a dismissal without prejudice.[33] The court explained that "[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[34] The Court declines to award

---

[33] *AeroTech, Inc. v. Estes*, 110 F.3d 1523 (10th Cir. 1997).

[34] *Id.* at 1528.

attorney's fees at this juncture but will consider such a request by Defendants should they file a properly supported motion.[35]

### III. ORDER

IT IS HEREBY ORDERED that this matter is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Docket No. 13) is DENIED AS MOOT.

DATED this 25th day of October 25, 2022.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[35] Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."); DUCivR 54-2(a), (f).