THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF UTAH

| | |
|---|---|
| SEAN NEWBOLD,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.; JON KESSLER, in his official and individual capacity; LAURIE LEHMAN, in her official and individual capacity; and PHILLIP TAYLOR, in his official and individual capacity,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' REQUEST FOR ATTORNEY FEES INCURRED IN RESONDING TO AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>Case No. 2:22-cv-00412-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

　　　　This matter is before the Court on Defendants' Motion for Attorney Fees (Docket No. 18) and Plaintiff's Motion for Sanctions (Docket No. 23). For the reasons discussed below, the Court will grant Defendants' Motion and deny Plaintiff's Motion.

　　　　　　　　　　I.　　　　BACKGROUND

　　　　Plaintiff Sean Newbold brought an action against Defendants for allegedly violating his rights under the Family Medical Leave Act of 1993 ("FMLA").[1] Defendants filed a Motion to Dismiss on August 22, 2022. Newbold filed his response on September 19, 2022, requesting the Court "dismiss this suit without prejudice, so that Newbold and [two] of his former colleagues can refile together."[2] This Court granted Newbold's request to dismiss without prejudice and explained that the Court would consider awarding Defendants their attorney fees as a condition

---

[1] 29 U.S.C. §§ 2601–54.

[2] Docket No. 14, at 2.

1

of that dismissal, should they file a properly supported motion.[3] Defendants subsequently filed the Motion now before the Court. Plaintiff responded with its Motion for Sanctions.

## II.  DISCUSSION

Defendants request attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and DUCivR 54-2(f) in the amount of $16,769.50 for costs associated with responding to Plaintiff's Amended Complaint. Newbold argues that an award of attorney fees in this case is inappropriate, and sanctionable, because the case was brought under the FMLA, which "does not provide for an award of attorney's fees to a prevailing defendant."[4] Defendants contend, and the Court agrees, that because the case was voluntarily dismissed by Plaintiff, the award of attorney fees is not governed by FMLA. The Court granted Newbold's request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), therefore the Court's authority to award attorney fees is pursuant to the federal rules, not the FMLA. Thus, the Court finds that Plaintiff's Motion for Sanctions is without merit.

According to the Tenth Circuit, "[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[5] "The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused."[6]

---

[3] Docket No. 17, at 6–7.

[4] Docket No. 21, at 1.

[5] *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (citing *Cauley v. Wilson*, 754 F.2d 769, 771–72 (7th Cir. 1985)).

[6] *Cauley*, 754 F.2d at 772 (citations omitted).

In his response to Defendants' motion to dismiss, Newbold asked this Court to dismiss his suit without prejudice, so that he and his colleagues could "file a new Complaint containing . . . new information in Chicago, Illinois."[7] Other courts have found that when a party explicitly states its intention to file a suit in another jurisdiction, following voluntary dismissal without prejudice, an award of attorney fees is appropriate.[8] Given Newbold's stated intention, Defendants will likely have to defend against similar claims in a court in a different circuit. In contemplating that suit, Newbold has stated that he will include new defendants and new factual allegations. Thus, Defendants face duplicative costs for work that may not be useful in a future suit. Therefore, an award of attorney fees to Defendants is appropriate in this case.

Rule 54(d)(2)(B) requires that a party seeking attorney fees must: file a motion "no later than 14 days after the entry of judgment; specify the judgment and the statute, rule, or other grounds entitling the movant to the award; [and] state the amount sought or provide a fair estimate of it." Defendants followed local and federal rules of procedure by filing their motion within 14 days of this Court's dismissal, specifying the grounds entitling them to an award of fees, and stating the amount sought with an accompanied billing sheet.

The Court has carefully reviewed Defendants' submission and concludes that the award sought for responding to the Amended Complaint is reasonable.

### III.   CONCLUSION

It is therefore

ORDERED that Defendants' Request for Attorney Fees (Docket No. 18) is GRANTED. Defendants are awarded attorney fees in the amount of $16,769.50. It is further

---

[7] Docket No. 14, at 2.

[8] *Hill v. Pope*, No. 07-CV-02722-WDM-CBS, 2009 WL 321789, at *4 (D. Colo. Feb. 9, 2009).

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 23) is DENIED. The Court will not award fees to either party for costs related to this Motion.

DATED March 6, 2023.

BY THE COURT

_____
Ted Stewart
United States District Judge