Eric Nielson #5327
Laura Nielson #15008
G. ERIC NIELSON & ASSOCIATES
4790 S. Holladay Blvd.
Holladay, Utah 84117
Phone: (801) 424-9088
Fax:    (801) 438-0199
ericnielson@ericnielson.com
lauranielson@ericnielson.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SEAN NEWBOLD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HEALTHEQUITY, INC., JON KESSLER, in his official and individual capacity, LAURIE LEHMAN, in her official and individual capacity, and PHILLIP TAYLOR, in his official and individual capacity,<br><br>　　　　Defendants. | **AMENDED MOTION TO ALTER A JUDGMENT**<br><br>Case No. 2:22-cv-00412-JCB<br><br>District Judge Ted Stewart |

Pursuant to Fed. R. Civ. P.59(e), and in an effort to comply with DUCivR 7-1(a)(4)(C), Plaintiff Sean Newbold, through his undersigned counsel, files this Amended Motion to Alter A Judgment and requests the Court alter its decision made on Defendants' Motion for Attorney's Fees on March 6, 2023.

**STATEMENT OF RELIEF AND GROUNDS**

Plaintiff asks this Court to alter its decision to grant Defendants an award of attorney's fees and replace it with an award of "costs" as defined by 28 U.S.C.S. § 1920. Plaintiff does not dispute Defendants are entitled to "costs" pursuant to Fed. R. Civ. P. 41(d), but Rule 41(d) does not include an award of attorney's fees, only costs. The Supreme Court has held the term "costs" is limited to items listed in 28 U.S.C.S. § 1920, subject to explicit statutory language to the contrary. Crawford

1

Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 88 (1991).

In AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) and Cauley v. Wilson, 754 F.2d 769, 771–72 (7th Cir. 1985), the courts considered an award of attorney's fees because the relevant statutes in those suits allowed the courts to do so, not because Fed. R. Civ. P. 41(d) gave the court authority to award attorney's fees as costs without a statutory basis. Plaintiff offers to pay Defendants' costs as defined by § 1920, which is limited in this case to: fees of the court, printing and copying fees.

In the alternative, Plaintiff requests the Court reduce Defendants' attorney's fees to only reflect the work which cannot be used in the subsequent trial, pursuant to Cauley at 770.

**INTRODUCTION**

On March 6, 2023, The Court held Defendants were entitled to $16,769.50 in "costs" associated with responding to Plaintiff's Amended Complaint. The Court then granted an award of "attorney's fees" pursuant to Fed. R. Civ. P. 41(a)(2), because Plaintiff voluntarily dismissed the suit without prejudice. The court then cited AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) (citing Cauley v. Wilson, 754 F.2d 769, 771–72 (7th Cir. 1985) which taken together held:

> [w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him…The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused.

Id.

This summarization of the holdings in AeroTech and Cauley misses that the respective courts were only able to consider an award of attorney's fees because of the statutory authority at

issue in both of those cases. *See infra.* Absent statutory authority, a "cost" is defined by 28 U.S.C.S. § 1920, which does not include attorney's fees. There is no statutory authority in this suit expanding the definition of "costs" to include "attorney's fees," or allowing for an award of attorney's fees to Defendants at all. There is no caselaw stating a Rule of Civil Procedure can constitute an exception to the American Rule of Attorney's Fees.

Plaintiff asks the Court to alter its award of $16,769.50 in "costs" because the relevant statute in this suit, the Family and Medical Leave Act of 1993 ("FMLA"), explicitly prohibits defendants to recover anything from plaintiffs. *See* 29 U.S.C.S. § 2617(a)(3). At best, Defendants are entitled to costs as defined by § 1920, but that would more likely follow an award of costs pursuant to Rule 54(d) and not Rule 41(d). To compromise, Plaintiff will reimburse Defendants' costs pursuant to § 1920 in an effort to move forward in good faith.

Even if Cauley could be interpreted to give trial courts discretion to award attorney's fees pursuant to Fed. R. Civ. P. 41(d), the court in Cauley reduced defendant's award of attorney's fees to reflect only work defendant Wilson would not be able to use in the subsequent case. Cauley at 773. Thus, if the Court wishes to rely on Cauley in this manner, it should similarly reduce Defendants' exorbitant $16,769.50 bill to reflect only the work Defendants will not be able to use in the next suit.

Plaintiff will first summarize the Supreme Court precedent outlining how trial courts should define the term "costs" pursuant to 28 U.S.C.S. § 1920, subject to explicit statutory language to the contrary. Then, Plaintiff will demonstrate how AeroTech and Cauley relied upon statutory language granting the respective courts discretion to consider an award of attorney's fees. Finally, Plaintiff will demonstrate that even if Cauley could be interpreted to give trial courts discretion to award attorney's fees as costs absent statutory authority, it reduced the award of

3

attorney's fees to only reflect the work defendants could not use in the subsequent litigation. Here, Defendants will be able to use all of the work they generated in this case again.

## ARGUMENT

### I. The Supreme Court Has Limited the Definition of "Costs" to Items Listed Under 28 U.S.C.S. § 1920, Unless a Statute Overrides That Definition.

The Supreme Court has repeatedly held federal courts my award "costs" as defined by U.S.C.S. § 1920, *subject to explicit statutory language to the contrary.* Most "costs" are awarded to a prevailing party pursuant to Fed. R. Civ. P. 54(d), not Fed. R. Civ. P. 41(d) as most suits end with a prevailing party and not a dismissal without prejudice. The issue of whether Rule 54(d) allows the courts to determine what "costs" are arose in Crawford Fitting Co. v. J. T. Gibbons, Inc., where the Supreme Court held: "…[A] federal court is bound by the limits of…[28 U.S.C.S. § 1920], absent contract or **explicit statutory authority to the contrary**." 482 U.S. 437, 439 (1987) (emphasis added). The Court went on to elaborate:

> If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. **We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d)**. Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

482 U.S. 437, 441-42 (1987).

This means courts have discretion to decide whether to grant an award of costs under Rule 54(d), but they do not have discretion to decide what constitutes a "cost," or else a Rule of Civil Procedure would render a federal statute nugatory. The Court noted Rule 54(d) itself allows for statutory interference to a federal court's discretionary authority:

> Federal Rule of Civil Procedure 54(d) in turn provides in part: "**Except when express provision therefor is made either in a statute of the United States** or in these rules, costs shall be allowed as of course to the prevailing

4

> party unless the court otherwise directs." **The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost,** and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.

*Id.* at 441 emphasis added.

Pursuant to this holding, federal courts may not grant attorney's fees as costs absent a statute that explicitly expands the definition of "costs" to include attorney's fees. When a federal court has no statutory language other than § 1920, then "costs" must be limited to those items listed in § 1920.

Four years later, the Supreme Court, citing <u>Crawford,</u> demonstrated the correct way to deduce taxable costs pursuant different statutes, noting attorney's fees and expert fees are not considered "costs" absent fee-shifting statues explicitly identifying them as recoverable costs. The Supreme Court in <u>West Virginia University Hospitals, Inc. v. Casey</u> held:

> **The record of statutory usage demonstrates convincingly that attorney's fees and expert fees are regarded as separate elements of litigation cost**. While some fee-shifting provisions, like § 1988, refer only to "attorney's fees," see, *e. g.*, Civil Rights Act of 1964, 42 U. S. C. § 2000e-5(k), many others explicitly shift expert witness fees *as well as* attorney's fees. In 1976, just over a week prior to the enactment of § 1988, Congress passed those provisions of the Toxic Substances Control Act, 15 U. S. C. §§ 2618(d), 2619(c)(2), which provide that a prevailing party may recover "the costs of suit and reasonable fees for attorneys *and expert witnesses*." (Emphasis added.) Also in 1976, Congress amended the Consumer Product Safety Act, 15 U. S. C. §§ 2060(c), 2072(a), 2073, which as originally enacted in 1972 shifted to the losing party "costs of suit, including a reasonable attorney's fee," see 86 Stat. 1226. In the 1976 amendment, Congress altered the fee-shifting provisions to their present form by adding a phrase shifting expert witness fees *in addition to* attorney's fees. See Pub. L. 94-284, § 10, 90 Stat. 506, 507. Two other significant Acts passed in 1976 contain similar phrasing: the Resource Conservation and Recovery Act of 1976, 42 U. S. C. § 6972(e) ("costs of litigation (including reasonable attorney and expert witness fees)"), and the Natural Gas Pipeline Safety Act Amendments of 1976, 49 U. S. C. App. § 1686(e) ("costs of suit, including reasonable attorney's fees and reasonable expert witnesses fees").

5

499 U.S. 83, 88 (1991), emphasis added.[1]

The Supreme Court would not have drawn attention to these important distinctions between statutes were it not important for trial courts to deduce what costs are available to award and to whom pursuant to the governing statute in the suit.

In this case, the FMLA statute does allow attorney's fees to be recovered as a cost, but not by Defendants. The statute reads: "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C.S. § 2617(a)(3).

However, in an effort to move forward in good faith, Plaintiff will reimburse Defendants' costs as defined by § 1920. Plaintiff maintains, Defendants are not entitled to attorney's fees pursuant to Rule 41(d) or pursuant to any caselaw, AeroTech and Cauley included.

## II.   AeroTech and Cauley Are Not Exceptions To The American Rule of Attorney's Fees; Both Cases Had a Statutory Basis for Considering Granting Attorney's Fees.

Plaintiff has already exhausted the argument that trial courts are not free to grant attorney's fees absent an exception to the "American Rule of Attorney's Fees," more specifically, absent statutory authority. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y 421 U.S. 240, 275 (1975); Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 415, (1978). The Supreme Court has been clear on this; so has the 10th Circuit, "Trial courts are without authority to award attorney's fees unless the right exists by contract or statute." Paramount Pictures Corp. v. Thompson Theatres, Inc., 621 F.2d 1088, 1089 (10th Cir. 1980).

---

[1] Of note, since Casey, Congress has amended § 1988 to permit courts to award expert witness fees to prevailing parties in civil rights actions, but only for cases arising under 42 U.S.C. §§ 1981 and 1981a. See 42 U.S.C. § 1988(c) ("[i]n awarding an attorney's fee under subsection (b) in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.").

6

The Court disagrees with this analysis on the basis that AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) and Cauley v. Wilson, 754 F.2d 769, 771–72 (7th Cir. 1985) appear to have allowed an award of attorney's fees as "costs" absent statutory authority, but pursuant to Fed. R. Civ. P. 41(d) alone. This misstates these cases holdings. Neither AeroTech nor Cauley considered granting attorney's fees absent a statutory basis. Neither case is an exception to the Supreme Court's multiple holdings regarding the American Rule of Attorney's Fees. Both cases are an example of courts complying with the American Rule of Attorney's Fees as well as the holdings of Crawford and Casey.

### **AeroTech, Inc. v. Estes**

In AeroTech, the 10th Circuit considered the appellant's motion for attorney's fees based on two different exceptions to the American Rule of Attorney's Fees: 28 U.S.C.S. § 1927 and the related common law doctrine of bad faith. 28 U.S.C.S. § 1927 reads, with emphasis added:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses**, and attorneys' fees** reasonably incurred because of such conduct.

The court in AeroTech made sure to parse out the differences in its analysis regarding the award of attorney's fees and the award of costs, only reversing the district court with respect to the award of costs. The court had to distinguish between attorney's fees and costs in this manner because the relevant statute, 28 U.S.C.S. § 1927, **does not list attorney's fees as costs**. The court in AeroTech held:

> Appellant individual had filed a motion for attorneys' fees and costs as a condition of dismissal pursuant to Fed. R. Civ. P. 41(a)(2). Appellant alternatively requested that the court award attorneys' fees under its inherent authority because appellee corporation had acted in bad faith and oppressively in bringing suit against him. Appellant also requested attorneys' fees under 28 U.S.C.S. § 1927 in a joint response brief to

7

> appellee's motion to amend. The magistrate denied appellant's motion for costs and fees, and for sanctions and relief under § 1927. Appellant sought review. The court found that the district court improperly declined to award costs to appellant because appellee terminated litigation as to him early in the litigation and abused its discretion in refusing to award costs under Fed. R. Civ. P. 54(d). The court found no abuse of discretion in denying attorneys' fees under Fed. R. Civ. P. 41(a)(2) because litigation on this claim was dismissed with prejudice, and no reversible error existed in appellant's other arguments. The court reversed the denial of costs under Fed. R. Civ. P. 54(d) and remanded for a determination of costs, and otherwise affirmed.

110 F.3d 1523, 1525 (10th Cir. 1997)

Only because these exceptions to the American Rule of Attorney's Fees existed did the court in AeroTech consider awarding attorney's fees at all, and not because attorney's fees were considered "costs" by the relevant statute. The court in AeroTech declined to award costs or attorney's fees as costs pursuant to Fed. R. Civ. P. 41 because the case with dismissed with prejudice rather than without prejudice, so Rule 41(d) did not apply. The court in AeroTech only awarded costs pursuant to Fed. R. Civ. P. 54(d), which explicitly differentiates between costs and attorney's fees. Fed. R. Civ. P. 54(d) reads, with emphasis added:

> (d) Costs; Attorney's Fees.
>
> (1) *Costs **Other Than Attorney's Fees***. Unless a federal statute, these rules, or a court order provides otherwise, costs—**other than attorney's fees**—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> (2) *Attorney's Fees.*
>
> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d) leaves room for costs to *include* attorney's fees because many statutes, such as the statute discussed below in the Cauley case, allow attorney's fees to be considered costs. Rule 54(d) would not delineate between the near-automatic award of costs to a prevailing party

8

and the award of attorney's fees brought by motion if there were no difference between the term "costs" and the term "attorney's fees." DUCivR 54-2 similarly delineates between attorney's fees and costs; DUCivR 54-2(e) states, with emphasis added: "**Attorneys' fees will not be taxed as costs**. Motions for attorneys' fees will be reviewed by the court and awarded only upon order of the court." Thus, the governing rules of procedure indicate the terms "costs" and "attorney's fees" hold distinct meanings as they are awarded under differing circumstances. The court in AeroTech understood this, as is reflected in its complete holding.

## Cauley v. Wilson

In Cauley, the district court case is unavailable for review. Yet we know Cauley sued Wilson, a police officer, claiming Wilson shot, arrested, assaulted, and falsely imprisoned Cauley. 754 F.2d 769, 770 (7th Cir. 1985). Police officers are protected by qualified immunity. In order to sue Wilson in *federal court* and get around qualified immunity, Cauley likely brought a Civil Rights claim under 42 U.S.C. § 1983. This would give the federal district court subject matter jurisdiction. Cauley also sued the City of Chicago and Acting Police Superintendent James Rochford, who would both be appropriate defendants under 42 U.S.C. § 1983. *Id* at 773.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, **explicitly allows attorney's fees to be considered costs**. The statute provides, with emphasis added, "[i]n any action or proceeding to enforce a provision of [certain specified civil rights statutes], the court, in its discretion, may allow the prevailing party...**a reasonable attorney's fee as part of the costs**...." The most important of the statutes specified in §1988 is 42 U.S.C. §1983.

Given this explanation of why Cauley sued Wilson in the first place, it makes sense for the 7th Circuit to award Wilson attorney's fees pursuant to Fed. R. Civ. P. 41(d) and 42 U.S.C. § 1988.

9

Cauley did not override the Supreme Court's 226-year-old precedent[2] prohibiting an award of attorney's fees absent a statutory basis, but rather it followed Supreme Court precedent, Crawford and Casey to expand the definition of "costs" to include attorney's fees, per the relevant statute, 42 U.S.C. § 1988.

Importantly, relying only upon Fed. R. Civ. P. 41(d) alone as the basis for granting an award of attorney's fees would render the American Rule of Attorney's Fees nugatory. Rule 54(d) and DUCivR 54-2, and their distinguishing language, would also be rendered nugatory. Rules of Civil Procedure do not have this kind of power. Crawford, at 441-42.

### III. Even If The Court Disagrees With Plaintiff's Analysis of the Supreme Court's Holdings on Awarding Costs, Cauley Requires the Court to Limit Attorney's Fees to Expenses that Will Not Be Useful in the Subsequent Litigation

Should the Court still disagree and proceed to award Defendants' attorney's fees pursuant to Fed. R. Civ. P. 41(d), based on the holding in Cauley, Plaintiff asks the Court to similarly curtail Defendants' award to only those expenses not useful in the next trial.

In Cauley, the court remanded the award of attorney's fees back to the district court for further reduction, holding: "…[T]he fee award should reimburse the defendant for expenses incurred in preparing work product *that will not be useful in subsequent litigation of the same claim.*" 754 F.2d 769, 770 (7th Cir. 1985).

Here, Plaintiff's original FMLA claim is only being transferred to another venue. It stands to reason that none of the work done by Defendants in responding to Newbold's Complaint should be lost as Newbold's original FMLA claim is preserved. Moreover, much of the work Defendants did in responding to Plaintiff's Complaint was recycled and used in Defendants' Position Statement filed in response to Newbold's EEOC Charge of Discrimination, attached as Exhibit A.

---

[2] The first Supreme Court case upholding the "American Rule of Attorney's Fees" was Arcambel v. Wiseman, 3 U.S. 3 Dall. 306 306 (1796).

Thus, Plaintiff requests that if the Court continues to rely upon Cauley on the basis that it provides an exception to the American Rule of Attorney's Fees and gives the Court discretion to award attorney's fees absent a statutory basis, then the Court apply the full holding of Cauley and reduce the attorney's fees as the court in Cauley did. Plaintiff requests that the Court specifically identify which parts of Defendants' work cannot be reused.

## CONCLUSION

Plaintiff requests that the Court alter its March 6, 2023 decision to grant Defendants an award of attorney's fees and replace it with an award of "costs" as defined by 28 U.S.C.S. § 1920. In the alternative, Plaintiff's request that the Court reduce Defendants' attorney's fees down to reflect only the work that cannot be reused in the next trial.

DATED this the 5th day of April, 2023.

G. ERIC NIELSON & ASSOCIATES

/s/ *Laura Nielson*
G. ERIC NIELSON
LAURA NIELSON
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2023, I have served the foregoing document upon all parties registered to receive service via the Court's electronic filing system.

/s/ *Laura Nielson*
Laura Nielson